KAUFMANN GILDIN & ROBBINS LLP
ATTORNEYS AT LAW

2 GRAND CENTRAL TOWER
140 E. 45TH STREET, SUITE 6A
NEW YORK, NEW YORK 10017

TEL(212) 755-3100
FAX(212) 755-3174
WWW.KAUFMANNGILDIN.COM

Writer's Direct Dial: 212.705.0814
kshelley@kaufmanngildin.com

October 20, 2026

**MEMO ENDORSED**

**BY ECF**

Honorable Jessica G.L. Clarke
United States District Judge
United States District Court
Southern District of New York
Charles L. Brieant Jr. Courthouse
300 Quarropas Street
White Plains, New York 10601

Re: Peter Flower v. Dennis Kelly, Morris Communications Company, LLC and Shivers Travel Publications, LLC
Docket No. 7:26-cv-4477 (JGLC)(VR)

Judge Clarke,

This firm represents defendants Dennis Kelly ("Mr. Kelly"), Morris Communications Company, LLC ("MCC") and Shivers Travel Publications, LLC ("Shivers") in the above refenced action.

On September 11, 2026, Defendants filed joint motions for: (i) an Order pursuant to 28 U.S.C. 1404(a), transferring this action to the United States District Court for the Southern District of Georgia; or, in the alternative, (ii) an Order pursuant to Fed.R.Civ.P 12(b)(2) dismissing the Amended Complaint for lack of personal jurisdiction; or, in the alternative, (iii) an Order pursuant to Fed.R.Civ.P. 9(b) and 12(b)(6) dismissing the Amended Complaint for failure to state a claim (the "Joint Motion," Dkt. 25, 26, 27 and 28).

On October 17, 2026, Plaintiff filed a Memorandum of Law (Dkt. 31) and the Declaration of his counsel, John A. Karol (Dkt. 32), in opposition to the Joint Motion.

Because Plaintiff's Memorandum and the Karol Declaration exceed the Court's word count limitation by almost double (a limitation which was substantially enlarged at the request of both parties by Order dated August 24, 2026), we request an Order striking both Plaintiff's Memorandum and Karol Declaration and granting other relief as the Court deems just under the circumstances.

Because the Joint Motion requests alternative theories of relief on behalf of all three defendants, we filed a letter motion seeking enlargement of the word count limitation for principal briefs (understanding the enlargement would apply to both sides for principal briefs).

Plaintiff's counsel consented and joined the motion. By Order dated August 24, 2026, the Court granted our consent motion to enlarge the word count limitation from 8,750 to 13,000 words.[1] In compliance with this Order, Defendants' Memorandum of Law contains 12,799 words (as stated in the Certification of Compliance annexed to the Memorandum).

However, in disregard of the applicable word count limitation, Plaintiff's Memorandum of Law contains approximately 19,000 words and the Karol Declaration (which contains additional legal argument) contains approximately 3,600 words.[2] Because the Karol Declaration primarily includes legal and factual arguments, and does not merely submit relevant documents, we respectfully suggest that it should be considered part of Plaintiff's Memorandum of Law (or a second Memorandum of Law) and the word count should therefore be the combined 22,600 words. Thus, Plaintiff has filed Memoranda which collectively contain almost twice the permitted number of words. Plaintiff's Memorandum of Law by itself exceeds the word count limitation by more than 6,000 words, or 45%.

Plaintiff did not seek leave to exceed the already enlarged word count limitation (to which they agreed). The excessive length materially burdens Defendants' ability to prepare a written reply with the 3,500-word count limitation in the Court's Rule 4(b) and undermines the word count limitations established by the Court. Defendants reduced the length of their Memorandum to comply with the 13,000-word limit. Moreover, permitting Plaintiff to disregard the Court's word count limitation and file memoranda of 22,600 or even 19,000 words would be materially unfair to Defendants.

As a result, Defendants respectfully request that the Court issue an Order:

1. Striking Plaintiff's Memorandum of Law and the Karol Declaration and submit the Joint Motion without opposition; or

2. Alternatively, striking Plaintiff's Memorandum of Law and the Karol Declaration and set a reasonable briefing schedule to permit Plaintiff to file a Memorandum of Law in compliance with the Court's 13,000-word count limitation (including any legal or factual argument in the replacement Karol Declaration) and granting Defendants 30 days to file a reply memorandum of up to 8,750 words; or

---

[1] Although our motion sought the enlargement for both sides' principal briefs, the Court's Order only enlarged the word count for Defendants' moving memorandum. We do not assert that Plaintiff was limited to the 8,750-word count limitation in the Rule 4(b) and assume the enlargement applied to both sides' principal briefs.

[2] Neither Plaintiff's Memorandum of Law nor the Karol Declaration contain the word count certification required by Local Civil Rule 7.1(c). We estimated the word count in these documents by two methods: (i) uploading the documents to Chat GPT and requesting a word count (MOL: 19,013 and Decl. 3,600); and (ii) converting the documents from PDF to Microsoft Word, and using the word count feature in Word (MOL: 18,629 and Decl. 3,548).

3. Granting such other relief as the Court deems appropriate under the circumstances.

We have made no previous request for the requested relief. There are currently no scheduled appearances before the Court in this action. Defendants' reply memorandum is currently due to be filed on or before November 13, 2026.

Thank you for your consideration of this request.

Very truly yours,

KAUFMANN GILDIN
& ROBBINS LLP

*s/Kevin M. Shelley*

By: KEVIN M. SHELLEY

KMS:pji
cc: John Karol, Esq. (by ECF)

Application GRANTED in part and DENIED in part. Plaintiff, without adequate cause, violated this Court's Order, dated August 24, 2026, setting the word limit for memoranda of law filed in connection with Defendants' Motion to Dismiss. ECF No. 24. This is the second time Plaintiff has violated the Court's Individual Rules. *See* ECF No. 30 (noting that requests for a deadline extension must be made at least 48 hours prior to the deadline, which Plaintiff did not do). Although the Court will not strike Plaintiff's brief in its entirety, the Court will only consider legal arguments raised in Plaintiff's brief and not any raised solely in the Karol Declaration. Defendants are also permitted to file a reply with up to 8,750 words. If Plaintiff's counsel commits a third violation of the Individual Rules, Local Rules, Federal Rules of Civil Procedure, or an Order of this Court, the Court will impose sanctions. The Clerk of Court is respectfully directed to terminate ECF No. 33. SO ORDERED.

Jessica Clarke
JESSICA G. L. CLARKE
United States District Judge

Dated: October 26, 2026
White Plains, New York